IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN SIERACKI,  Case No. 15-cv-1031-pp

Complainant,

v.

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

Respondent.

## DECISION AND ORDER ON PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

On August 12, 2015, Steven Sieracki, by his attorney Michael Sheedy, filed a complaint for review of the final decision of the commissioner of the social security administration. Dkt. No. 1. He also filed a motion to proceed *in forma pauperis*. Dkt. No. 2.

A district court may authorize a plaintiff to proceed *in forma pauperis*—meaning that he does not have to pre-pay the $400 filing fee to start a civil lawsuit—if the plaintiff submits an affidavit listing his assets, indicating that he is unable to pay the fees, and stating his belief that he is entitled to the relief he seeks. 28 U.S.C. §1915(a).

The plaintiff's Petition and Affidavit to Proceed Without Prepayment of Fees and/or Costs indicates that he is single, with no children. His income, from public assistance, has averaged $189 per month in the last 12 months. He lists no other source of income. He has 1986 Toyota Conquest with a value of $900, but states that part of the car is damaged. He lists no cash, checking,

1

or savings accounts. His monthly expenses include $189 in groceries. The plaintiff receives cell phone service at no cost, and medical care at no cost through Badger Care. Although he stated that he does not support any children, in the monthly expenses section the plaintiff notes that he is supposed to pay $200 a month in court-ordered support, but that he has not made a payment in five years. Finally, the plaintiff indicates that he was homeless at the time he filed the petition and affidavit.

A district court has the discretion to order a plaintiff to pay a portion of the filing fee, and to waive the remainder when it finds that the plaintiff cannot pay the full expense but can pay part of it. See Longbehn v. United States, 169 F.3d 1082, 1083 (7th Cir. 1999). In this case, the information contained in the plaintiff's affidavit, signed under the penalty of perjury, demonstrates that he does not have enough money to pay his monthly expenses, and so does not have the funds to pay a filing fee.

The next step is for the court to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993).

A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Circ. 2013).

2

In his complaint, the plaintiff asks this court to determine whether the Administrative Law Judge's questions of the plaintiff at the February 25, 2014 hearing "were necessary, valid and/or required." Dkt. No. 1 at 2. To support his complaint, the plaintiff filed a letter from his treating physician, the notice of the action taken by the Social Security Appeals Council, and the ALJ's notice of unfavorable decision. Dkt. Nos. 1-1, 1-2, and 1-3.

It is difficult to discern from the complaint whether the plaintiff is contesting the Administrative Law Judge's final determination denying him benefits as contrary to law/not supported by substantial evidence, or whether he simply objects to the procedure the Administrative Law Judge followed at the hearing. The plaintiff states facts in the complaint which indicate that he intends, at some point in the process, to argue that the decision denying him benefits was not supported by substantial evidence. Accordingly, the court finds that the complaint intimates a claim that the Commissioner's decision regarding the denial of his application for benefits is not supported by substantial evidence, or is contrary to law. At this early stage in the case, the court concludes that there may be a basis in law or fact for the plaintiff's

appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's Petition to Proceed Without Prepayment of Fees and/or Costs, and **WAIVES** the filing fee (Dkt. No. 2).

Dated in Milwaukee this 2nd day of September, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

4

Case 2:15-cv-01031-WED   Filed 09/02/15   Page 4 of 4   Document 5